IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7-06-CV-4-BO3

In the Matter of:

Celso Marques, d/b/a
Bluewater Jet Ski Rentals,
Owner of the Yamaha Jet Ski,
Hull Identification #YAMA2086690,
North Carolina Registration #NC1628WY,
For Exoneration from or
Limitation of Liability

MOTION FOR ORDER OF
APPROVAL AND
INCORPORATED
SETTLEMENT AGREEMENT

NOW COME Bryan Behuniak, Ross Behuniak (minor) and David Behuniak (minor), as Limitation Defendants and Claimants ("Claimants") and Limitation Plaintiff Celso Marques, d/b/a Bluewater Jet Ski Rentals ("Limitation Plaintiff"), Owner of (and including) the Yamaha Jet Ski, Hull Identification #YAMA20866900 or YAMA2086690, by and through counsel and, having resolved all matters within this action, pray this Court issue an ORDER OF APPROVAL pursuant to Local Civil Rule 17.1, EDNC and say the following unto the Court:

## GENERAL STIPULATIONS

1. This is an action for exoneration from or limitation of liability arising out of a collision between a jet ski owned by Limitation Plaintiff (but operated by a third party) and a recreational vessel (owned and operated by third parties with passengers including Claimants) which occurred near Sunset Harbor

on or about July 26, 2005.

2. On January 13, 2006, the Limitation Plaintiff commenced a civil action in the United States District Court for the Eastern District of North Carolina, Southern Division, Civil Action File No. 7-06-CV-4-BO3 seeking exoneration from or limitation of liability, civil and maritime, for damages arising out of the alleged personal injuries sustained as a result of the collision.

3. At all pertinent times, Limitation Plaintiff was the Owner of the Yamaha Jet Ski, a vessel of fiberglass construction, 2000 Model XL700, 60 horsepower, 10'4" in length, Hull Identification #YAMA20866900 or YAMA2086690 and North Carolina Registration #NC1628WY ("Yamaha").

4. The following claimants make up the limitation concursus:

   a. Bryan Behuniak (d/o/b: 9/22/58, father of Ross Behuniak and David Behuniak, represented by Andrew J. Hanley, Esq.);

   b. Ross Behuniak (d/o/b: 11/27/92), represented by Andrew J. Hanley Esq. and court appointed guardian ad litem, Don T. Evans, Esq.); and

   c. David Behuniak (d/o/b: 9/5/89), represented by Andrew J. Hanley Esq. and court appointed guardian ad litem, Don T. Evans, Esq.).

2

5. The parties now have agreed to settle all of the matters which are, or might have been, adjudicated in this civil action.

6. Markel American Insurance Company is the insurer affording coverage to the Limitation Plaintiff for Claimants' claims in this action pursuant to the conditions and provisions of its contract of insurance with Limitation Plaintiff.

**STIPULATIONS REQUIRED BY LOCAL CIVIL RULE 17.1(b), EDNC**

7. All parties are properly represented and are properly before the Court; no questions exist as to misjoinder or nonjoinder of parties; and the Court has jurisdiction over the subject matter and the parties.

8. The Claimants' Answer and Claim filed with the Court states a claim upon which relief can be granted and, without limiting the foregoing, no affirmative defenses could clearly be raised in bar of certain recovery sought by Limitation Plaintiff.

9. Andrew J. Hanley and Don T. Evans provided the following services, among others for Ross Behuniak and David Behuniak: review of Limitation Plaintiff's action, investigate health and claims, prepare and cause to be filed an Answer and Claim, prepare initial disclosures, evaluate and negotiate fair and reasonable settlement as described herein. In the opinion of the Guardian Ad Litem, the instant settlement and dismissal

is fair.

10. The estimated actual and foreseeable medical, hospital, psychological and related expenses for Ross Behuniak will not exceed $1,500. A statement by an examining physician of Ross Behuniak is attached hereto as Exhibit "1" and sets forth the nature and extent of Ross Behuniak's injuries, extent of recovery and prognosis. David Behuniak was initially seen by an examining physician at an emergency room but his estimated actual and foreseeable medical, hospital, psychological and related expenses relating to his claim will not exceed $1500.

## SETTLEMENT AGREEMENT

The parties agree as follows:

**1.0 RELEASE AND DISCHARGE**

1.1 In consideration of the payments set forth in Section 2, herein below, the undersigned Claimants hereby release and forever discharge:

- The Yamaha;

- other jet skis owned by Celso Marques, d/b/a Blue Water Jet Ski Rentals and being operated on or about July 26, 2005;

- the operators on or about July 26, 2005 of the Yamaha and jet skis owned by Celso Marques, d/b/a Blue Water Jet Ski Rentals;

4

- Celso Marques;

- Blue Water Jet Ski Rentals;

- Markel American Insurance Company; and

- the predecessors, successors, members, managers, stockholders, directors, officers, employees, agents, operators and the attorneys of the foregoing, jointly and severally;

(all of which/whom are hereinafter sometimes described jointly as the "Released Parties") from any and all past, present or future claims, demands, obligations, actions, causes of action, claims for relief, rights, costs, losses, expenses and compensation of any nature whatsoever, whether based on law, equity, or the General Maritime Law of the United States, (collectively hereinafter referred to as "the Claims") which Claimants now have or which may hereafter accrue or otherwise be acquired on account of, or may in any way grow out of, or which could be asserted, alleged, or claimed by the Claimants, arising in any way from any act or omission of the Released Parties, jointly or severally, prior to the date hereof. Without in any way limiting the generality of the foregoing, the Released Parties, jointly and severally, are hereby completely RELEASED AND FOREVER DISCHARGED from the Claims which Claimants now have or which may hereafter accrue or

5

otherwise be acquired on account of, or which may in any way grow out of, or arising generally in any way from any act or omission of the Released Parties, jointly or severally, arising any time prior to the date hereof and specifically from the acts and omissions alleged in Claimants' Answer and Claim filed in this action.

1.2 This Agreement is a fully binding and complete Settlement among the Claimants, the Limitation Plaintiff, the remaining Released Parties and their respective heirs, successors and assigns. All matters at issue or which might have been at issue in this action are now resolved and the case, upon filing of an Order of Approval, shall be concluded.

1.3 Claimants specifically acknowledge and agree that the Agreement is a general and global release. Claimants expressly waive and assume the risk of any and all claims for damages which exist as of this date, or which might arise in the future, but of which the Claimants have no present knowledge or reason to expect and which, if known, would materially affect Claimants' decision to enter into this Settlement Agreement and Release. The Claimants further agree that they have accepted payment of the sum specified herein as a full and complete compromise of matters involving disputed issues of law and fact. Claimants assume the risk that the facts or law may be other than Claimants believe. Further, each of the parties

6

acknowledges specifically that the settlement described in this Settlement Agreement and Release is a compromise of doubtful and disputed claims.

## 2.0 PAYMENTS

In consideration of the release and discharge of the Released Parties, jointly and severally, described above, Markel American Insurance Company (on behalf of its Insured(s) including the Limitation Plaintiff) agrees to pay as follows:

- BRYAN BEHUNIAK: the sum of THREE THOUSAND DOLLARS and NO CENTS ($4,500.00) payable by a check of Markel American Insurance Company;

- ROSS BEHUNIAK: the sum of TWO THOUSAND TWO HUNDRED AND FIFTY DOLLARS and NO CENTS ($2,250.00) payable by check of Markel American Insurance Company;

- DAVID BEHUNIAK: the sum of TWO THOUSAND TWO HUNDRED AND FIFTY DOLLARS and NO CENTS ($2,250.00) payable by check of Markel American Insurance Company);

- DON T. EVANS, ESQ., Guardian Ad Litem for Ross Behuniak and David Behuniak: the sum of SIX HUNDRED DOLLARS and NO CENTS ($600.00) payable by the check of Markel American Insurance Company.

7

## 3.0 ATTORNEY'S FEES

Each party hereto shall bear their respective attorney's fees and costs, arising from the actions of counsel for such party in connection with the pleadings filed in the above captioned action, this Settlement Agreement and Release and the matters and documents referred to herein, including any approval of this Settlement Agreement and Release and the dismissal of this action with Prejudice, and all related matters. However, the Guardian Ad Litem's fees shall be payable as prescribed by paragraph 2.0 herein. Specifically, the settlement funds shall be disbursed by Crossley McIntosh Prior & Collier as follows:

- BRYAN BEHUNIAK: Crossley, McIntosh Prior & Collier may retain $1,500 of $4,500; the remainder shall be used first to settle any medical liens (all of which are less than $3,000) and any remaining sum shall be payable to or in the discretion of Bryan Behuniak;

- ROSS BEHUNIAK: Crossley, McIntosh Prior & Collier may retain $750 of $2,250; the remainder shall be used first to settle any medical liens (all of which are less than $1,500) and any remaining sum shall be payable to or for the benefit of Ross Behuniak; and

8