IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7-06-CV-4-BO3

In the Matter of:

Celso Marques, d/b/a
Bluewater Jet Ski Rentals,   : ORDER OF APPROVAL
Owner of the Yamaha Jet Ski,
Hull Identification #YAMA2086690,
North Carolina Registration #NC1628WY,
For Exoneration from or
<u>Limitation of Liability</u>

The Court makes the following FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDERS THE FOLLOWING pursuant to the parties' Motion for Order of Approval and Incorporated Settlement Agreement ("Motion"):

**BACKGROUND**

1. This is an action for exoneration from or limitation of liability arising out of a collision between a jet ski owned by Limitation Plaintiff (but operated by a third party) and a recreational vessel (owned and operated by third parties with passengers including Claimants) which occurred near Sunset Harbor on or about July 26, 2005.

2. On January 13, 2006, the Limitation Plaintiff commenced a civil action in the United States District Court for the Eastern District of North Carolina, Southern Division, Civil Action File No. 7-06-CV-4-BO3 seeking exoneration from or limitation of liability, civil and maritime, for damages arising out of the alleged personal injuries sustained as a result of the

collision.

3. At all pertinent times, Limitation Plaintiff was the Owner of the Yamaha Jet Ski, a vessel of fiberglass construction, 2000 Model XL700, 60 horsepower, 10'4" in length, Hull Identification #YAMA20866900 or YAMA2086690 and North Carolina Registration #NC1628WY ("Yamaha").

4. The following claimants make up the limitation concursus:

   a. Bryan Behuniak (d/o/b: 9/22/58, father of Ross Behuniak and David Behuniak, represented by Andrew J. Hanley, Esq.);

   b. Ross Behuniak (d/o/b: 11/27/92), represented by Andrew J. Hanley Esq. and court appointed guardian ad litem, Don T. Evans, Esq.); and

   c. David Behuniak (d/o/b: 9/5/89), represented by Andrew J. Hanley Esq. and court appointed guardian ad litem, Don T. Evans, Esq.).

5. The parties now have agreed to settle all of the claims which are, or might have been, adjudicated in this civil action, providing for certain payments to Claimants in full and final settlement and discharge of all their claims upon the terms and conditions set forth hereinafter.

6. Markel American Insurance Company is the insurer affording coverage to the Limitation Plaintiff for Claimants' claims in this action pursuant to the conditions and provisions

of its contract of insurance with Limitation Plaintiff.

7. The Settlement Agreement as set forth in the Motion as well as all relief requested in such Motion is hereby APPROVED, INCORPORATED HEREIN BY REFERENCE, and ORDERED by the Court.

**STATEMENTS REQUIRED BY LOCAL CIVIL RULE 17.1(b), EDNC**

8. All parties are properly represented and are properly before the Court; no questions exist as to misjoinder or nonjoinder of parties; and the Court has jurisdiction over the subject matter and the parties.

9. The Claimants' Answer and Claim filed with the Court states a claim upon which relief can be granted and, without limiting the foregoing, no affirmative defenses could clearly be raised in bar of certain recovery sought by Limitation Plaintiff.

10. Andrew J. Hanley and Don T. Evans provided the following services, among others for Ross Behuniak and David Behuniak: review of Limitation Plaintiff's action, investigate health and claims, prepare and cause to be filed an Answer and Claim, prepare initial disclosures, evaluate and negotiate fair and reasonable settlement as described herein. It is the opinion of the Guardian Ad Litem, Don T. Evans, Esq. and this Court that the instant settlement and dismissal is fair.

11. The estimated actual and foreseeable medical, hospital, psychological and related expenses for Ross Behuniak will not exceed $1500. A statement by an examining physician of Ross

3

Behuniak is attached to the parties' Motion as Exhibit "1" and sets forth the nature and extent of Ross Behuniak's injuries, extent of recovery and prognosis. David Behuniak was initially seen by an examining physician at an emergency room but his estimated actual and foreseeable medical, hospital, psychological and related expenses relating to his claim will not exceed $1500.

### STATEMENT REQUIRED BY LOCAL CIVIL RULE 17.1(c), EDNC

12. The settlement funds as described in the Motion shall be disbursed by Crossley McIntosh Prior & Collier as follows:

- BRYAN BEHUNIAK: Crossley, McIntosh Prior & Collier may retain $1,500 of $4,500; the remainder shall be used first to settle any medical liens (all of which are less than $3,000) and any remaining sum shall be payable to or in the discretion of Bryan Behuniak;

- ROSS BEHUNIAK: Crossley, McIntosh Prior & Collier may retain $750 of $2,250; the remainder shall be used first to settle any medical liens (all of which are less than $1,150) and any remaining sum shall be payable to or for the benefit of Ross Behuniak;

- DAVID BEHUNIAK: Crossley, McIntosh Prior & Collier may retain $750 of $2,250; the remainder shall be used first to settle any medical liens (all of

4

which are less than $1,150) and any remaining sum shall be payable to or for the benefit of David Behuniak; and

- DON T. EVANS, ESQ., Guardian Ad Litem for Ross Behuniak and David Behuniak: shall be paid the sum of $600.00, which is reasonable, as per the Motion.

All matters at issue or which might have been at issue in this action are now resolved and the case is hereby concluded.

IT IS SO ORDERED this ____ day of _____ 2006.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT COURT JUDGE